NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XUEQIANG XU,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney<br>General,<br><br>　　　　　　　Respondent. | No.　12-73356<br><br>Agency No. A089-992-399<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017[**]

Before:　THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Xueqiang Xu, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

Immigration Judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

_____

[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

We do not consider the materials Xu references in his opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the BIA's conclusion that, even if credible, Xu's experiences in China did not rise to the level of persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (record did not compel finding of past persecution where petitioner did not suffer economic deprivation rising to the level of persecution and did not suffer any significant physical harm); *see also Jiang v. Holder*, 611 F.3d 1086, 1095 (9th Cir. 2010) (petitioner "cannot qualify for refugee status solely on the basis of [his wife's] forced abortion").  Substantial evidence also supports the BIA's conclusion Xu failed to establish a well-founded fear of future persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (applicant did not present compelling evidence of a well-founded fear of future persecution).  Thus, Xu's asylum claim fails.

In this case, because Xu failed to establish eligibility for asylum, his withholding of removal claim fails.  *See Zehatye*, 453 F.3d at 1190.  We lack jurisdiction to consider Xu's contentions regarding a pattern and practice of

persecution or membership in a disfavored group. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust claims in administrative proceedings below).

Finally, substantial evidence supports the BIA's denial of CAT relief because Xu failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the Chinese government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**